Azadeh Gowharrizi (SBN 239938)
Azadeh.Gowharrizi@gmlaw.com
GREENSPOON MARDER LLP
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (323) 880-0859

Kory Ann Ferro (*Pro Hac Vice* Forthcoming)
KoryAnn.Ferro@gmlaw.com
GREENSPOON MARDER LLP
One Riverfront Plaza
1037 Raymond Blvd, Suite 900
Newark, New Jersey 07102
Telephone: (732) 456-8746

Attorneys for Defendant Century Support Services LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ROSENE,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURY SUPPORT SERVICES LLC,<br><br>Defendant. | Case No. 8:24-cv-02003-SPG-JDE<br><br>**CENTURY SUPPORT SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT [D.E. 1]** |

Defendant Century Support Services LLC ("Century") , by and through the undersigned attorneys, hereby responds to the Complaint [D.E. 1] filed by Plaintiff, Steve Rosene ("Plaintiff"), as follows:

**NATURE OF THE CASE**

1. Century admits Plaintiff seeks to assert claims against it pursuant to the Telephone Consumer Protection Act ("TCPA"). However, Century denies any actionable conduct, denies violating the law, including the TCPA, and denies the remaining allegations and statements contained in paragraph 1 of the Complaint.

**PARTIES**

2. Century is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint. Accordingly, Century denies such allegations.

3. Century denies the allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Century denies such conclusions, statements, and characterizations.

5. Paragraph 5 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Century denies such conclusions, statements, and characterizations.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

6. Century admits that the authority cited in Paragraph 6 of the Complaint is the best evidence of its contents. The remainder of Paragraph 6 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

7. Century admits that the authority cited in Paragraph 7 of the Complaint is the best evidence of its contents. The remainder of Paragraph 7 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

8. Century admits that the authority cited in Paragraph 8 of the Complaint is the best evidence of its contents. The remainder of Paragraph 8 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

9. Century admits that the authority cited in Paragraph 9 of the Complaint

is the best evidence of its contents. The remainder of Paragraph 9 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

10. Century admits that the authority cited in Paragraph 10 of the Complaint is the best evidence of its contents. The remainder of Paragraph 10 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

11. Century admits that the authority cited in Paragraph 11 of the Complaint is the best evidence of its contents. The remainder of Paragraph 11 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

12. Century admits that the authority cited in Paragraph 12 of the Complaint is the best evidence of its contents. The remainder of Paragraph 12 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

13. Century admits that the authority cited in Paragraph 13 of the Complaint is the best evidence of its contents. The remainder of Paragraph 13 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

14. Century admits that the authority cited in Paragraph 14 of the Complaint is the best evidence of its contents. The remainder of Paragraph 14 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

15. Century admits that the authority cited in Paragraph 15 of the Complaint is the best evidence of its contents. The remainder of Paragraph 15 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

16. Century admits that the authority cited in Paragraph 16 of the Complaint

is the best evidence of its contents. The remainder of Paragraph 16 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

17. Century admits that the authority cited in Paragraph 17 and footnote no. 1 of the Complaint is the best evidence of its contents. The remainder of Paragraph 17 and footnote no. 1 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

18. Paragraph 18 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

19. Paragraph 19 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

20. Paragraph 20 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

21. Century admits that the authority cited in Paragraph 21 of the Complaint is the best evidence of its contents. The remainder of Paragraph 21 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

22. Century admits that the authority cited in Paragraph 22 of the Complaint is the best evidence of its contents. The remainder of Paragraph 22 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

23. Paragraph 23 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

24. Century admits that the authority cited in Paragraph 24 of the Complaint is the best evidence of its contents. The remainder of Paragraph 24 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

25. Century admits that the authority cited in Paragraph 25 of the Complaint is the best evidence of its contents. The remainder of Paragraph 25 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

26. Century admits that the authority cited in Paragraph 26 and footnote no. 2 of the Complaint is the best evidence of its contents. The remainder of Paragraph 26 and footnote no. 2 constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent an answer may be required, Century denies same.

27. Century denies the allegations contained in Paragraph 27 of the Complaint.

## FACTUAL ALLEGATIONS

28. Century is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint. Accordingly, Defendant denies such allegations.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

31. Century denies the allegations contained in Paragraph 31 of the

Complaint.

32. Century denies the allegations contained in Paragraph 32 of the Complaint.

33. Century denies the allegations contained in Paragraph 33 of the Complaint.

34. Century denies the allegations contained in Paragraph 34 of the Complaint.

35. Century denies the allegations contained in Paragraph 35 of the Complaint.

36. Century denies the allegations contained in Paragraph 36 of the Complaint.

37. Century denies the allegations contained in Paragraph 37 of the Complaint.

38. Century denies the allegations contained in Paragraph 38 of the Complaint.

39. Century denies the allegations contained in Paragraph 39 of the Complaint.

40. Century denies the allegations contained in Paragraph 40 of the Complaint.

41. Century denies the allegations contained in Paragraph 41 of the Complaint.

42. Century denies the allegations contained in Paragraph 42 of the Complaint.

43. Century denies the allegations contained in Paragraph 43 of the Complaint.

44. Century denies the allegations contained in Paragraph 44 of the Complaint.

45. Century denies the allegations contained in Paragraph 45 of the

Complaint.

46. Century denies the allegations contained in Paragraph 46 of the Complaint.

47. Century denies the allegations contained in Paragraph 47 of the Complaint.

48. Century denies the allegations contained in Paragraph 48 of the Complaint.

49. Century denies the allegations contained in Paragraph 49 of the Complaint.

50. Century denies the allegations contained in Paragraph 50 of the Complaint.

51. Century denies the allegations contained in Paragraph 51 of the Complaint.

52. Century denies the allegations contained in Paragraph 52 of the Complaint.

53. Century denies the allegations contained in Paragraph 53 of the Complaint.

54. Century denies the allegations contained in Paragraph 54 of the Complaint.

55. Century denies the allegations contained in Paragraph 55 of the Complaint.

56. Century denies the allegations contained in Paragraph 56 of the Complaint.

57. Century denies the allegations contained in Paragraph 57 of the Complaint.

58. Century denies the allegations contained in Paragraph 58 of the Complaint.

**CENTURY IS [ALLEGEDLY] VICARIOUSLY LIABLE FOR THE PHONE CALLS**

59. Paragraph 59 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Century denies such conclusions, statements, and characterizations.

60. Century denies the allegations contained in Paragraph 60 of the Complaint.

61. Century denies the allegations contained in Paragraph 61 of the Complaint.

62. Century denies the allegations contained in Paragraph 62 of the Complaint.

63. Century denies the allegations contained in Paragraph 63 of the Complaint.

64. Century denies the allegations contained in Paragraph 64 of the Complaint.

65. Century denies the allegations contained in Paragraph 65 of the Complaint.

66. Century denies the allegations contained in Paragraph 66 of the Complaint.

67. Century denies the allegations contained in Paragraph 67 of the Complaint.

68. Century denies the allegations contained in Paragraph 68 of the Complaint.

**[*ALLEGED*] INJURY TO PLAINTIFF**

69. Century denies the allegations contained in Paragraph 69 of the Complaint.

70. Century denies the allegations contained in Paragraph 70 of the Complaint.

71. Century denies the allegations contained in Paragraph 71 of the

Complaint.

72. Century denies the allegations contained in Paragraph 72 of the Complaint.

73. Century denies the allegations contained in Paragraph 73 of the Complaint.

74. Century denies the allegations contained in Paragraph 74 of the Complaint.

75. Century denies the allegations contained in Paragraph 75 of the Complaint.

**COUNT I**
**Non-Emergency Robocalls to Cellular Telephones,**
**47 U.S.C. § 227(b)(1)(A)(iii))**

76. Century incorporates its responses to Paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. Century denies the allegations contained in Paragraph 77 of the Complaint.

78. Century denies the allegations contained in Paragraph 78 of the Complaint.

79. Century denies the allegations contained in Paragraph 79 of the Complaint.

80. Century denies the allegations contained in Paragraph 80 of the Complaint.

**COUNT II**
**Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F. R. § 64.1200(C))**

81. Century incorporates its responses to paragraphs 1 through 75 of the Complaint as if fully set forth herein.

82. Century denies the allegations contained in Paragraph 82 of the Complaint.

83. Century is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 83 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

84. Century denies the allegations contained in Paragraph 84 of the Complaint.

85. Century denies the allegations contained in Paragraph 85 of the Complaint.

86. Century denies the allegations contained in Paragraph 86 of the Complaint.

## PRAYER FOR RELIEF

In response to the **WHEREFORE** clause following paragraph 86 of the Complaint, including its bullet point subsections, Century admits that Plaintiff seeks such relief but denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court enter an order granting judgment in favor of Century and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems just and proper.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Century, Century hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, footnotes, and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Century pleads the following affirmative defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the alleged text messages and/or telephone calls occurred, such text messages and/or telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Plaintiff cannot state a claim against Century upon which relief can be granted. Century did not (and does not) send text messages or make telephone calls using an "automated system" for the selection or dialing of telephone numbers; particularly without the prior express written consent of the called party as Plaintiff seeks to allege in the Complaint. To the extent the alleged text messages and/or telephone calls occurred, such text messages and/or telephone calls were manually placed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Plaintiff cannot state a claim against Century upon which relief can be granted. Century did not (and does not) initiate telephone calls/text messages nor are telephone calls/text messages initiated on its behalf more than once in a twelve-month period in a manner that violates the requirements of 47 C.F.R. § 64.1200(c).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Century did not (and does not) initiate any of the alleged telephone calls to a residential telephone line using an artificial or prerecorded voice.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Plaintiff is not the respective owner, subscriber, registrant, or authorized user of the telephone that allegedly received the text messages and/or

telephone calls at issue, and, therefore, lacks standing.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiff seeks out, invites, and welcomes text messages and/or telephone calls, including, *arguendo*, the alleged text messages and/or telephone calls, in an effort to manufacture and pursue litigation, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich herself by seeking disproportionate payments from, here, Century.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiff were caused in whole or in part by the acts or omissions of third parties over which Century had and has no control of/over, and/or by the acts or omissions of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because of Plaintiff's failure to join indispensable parties.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are

limited by the Statute of Limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because any alleged wrongdoing by Century, which Century denies, was caused by mistake. Indeed, Century acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Plaintiff failed to mitigate her damages. Accordingly, recovery (if any) should be reduced in proportion to Plaintiff's failure to mitigate such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Century has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because a violation, if any, which Century denies, was a result of error and, as a part of Century's routine business practices it has (1) established and implemented written procedures to comply with the national do-not-call rules; (2) trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules; (3) maintained and recorded a list of telephone numbers that the seller may not contact; and (4) uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Century had the requisite do-not call list policy and procedures in place as mandated by 47 C.F.R. § 64.1200(d).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because Plaintiff was not the intended recipient(s) of the alleged text messages and/or telephone calls.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the TCPA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because the alleged text messages and/or telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such text messages (and/or telephone calls) violates the First Amendment rights of the sender.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or is limited because Plaintiff's alleged telephone number is believed to be a business phone number and not a residential telephone number that Plaintiff uses for personal calls.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or is limited because Plaintiff's alleged telephone number was not registered to the National Do-Not-Call List prior to when the alleged text message and/or telephone calls were sent by (or on behalf of) Century or the alleged messages/calls occurred within thirty-one (31) days of the addition of such number(s) on such National Do-Not-Call List. And,

Plaintiff, himself, did not register his alleged telephone number to the National Do-Not-Call List.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because the prior owner of the telephone number(s) allegedly called consented to such calls prior to the reassignment of such telephone number(s).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because the Court lacks personal jurisdiction over Century.

**RESERVATION OF RIGHTS**

Century reserves the right to amend its Answer and/or its affirmative defenses up through the time of trial upon discovery of additional information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Complaint filed by Plaintiff Steve Rosene, Defendant Century Support Services LLC respectfully requests this Court enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Century Support Services LLC; (3) that attorneys' fees and costs incurred in this Action be awarded to Century Support Services LLC to the greatest extent permitted by applicable law; and (4) that Century Support Services LLC be awarded such further and other relief as this Court deems just and proper.

Respectfully submitted,

GREENSPOON MARDER LLP

Dated: October 15, 2024 By: */s/ Azadeh Gowharrizi*

Azadeh Gowharrizi
Kory Ann Ferro
*Attorneys for Defendant*
*Century Support Services LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, on October 15, 2024, a true and correct copy of the foregoing document was filed with the Court's CM/ECF System, which will automatically generate and send by e-mail a notice of electronic filing to all counsel of record, which constitutes proof of service for individuals so served.

By: *<u>/s/ Azadeh Gowharrizi</u>*

AZADEH GOWHARRIZI